UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHNNIE STANLEY,

    Plaintiff,

v.                                                      Case No. 19-mc-50917

U.S. DEPARTMENT OF JUSTICE,           HON. AVERN COHN

    Defendant.

_____/

## **ORDER DISMISSING CASE**

### I.

This is a prisoner case. On June 10, 2019, plaintiff Johnnie Stanley, a state prisoner proceeding pro se, filed a paper styled:

> Motion to Chief Judge Denise Page Hood for Evidentiary Hearing in Connection to Plaintiff's Request for Rule 6(e) Investigation.

As best as can be gleaned, Stanley is seeking the disclosure of state grand jury proceedings. The exhibits attached to his motion indicate he pursued similar relief in state court and was denied. It also appears that Stanley was convicted of drug offenses in state court in 2002 and is currently incarcerated based on those convictions.

The Clerk's office designated it as a miscellaneous action and assigned the matter to the undersigned. As will be explained, Stanley is precluded from proceeding without prepayment of the filing fee and he has also been enjoined from filing papers without leave. Stanley did not pay the filing fee nor seek leave. Accordingly, the case will be dismissed.

II.

A.

Because Stanley did not prepay the filing fee for this action. The Court therefore assumes that he wishes to proceed under 28 U.S.C. § 1915(b) without prepaying the filing fee. Ordinarily, a federal litigant who is too poor to pay court fees "may commence a civil action without prepaying fees or paying certain expenses." Coleman v. Tollefson, 135 S. Ct. 1759, 1761 (2015) (citing 28 U.S.C. § 1915). But, as the Supreme Court explained in Coleman,

> a special "three strikes" provision prevents a court from affording in forma pauperis status where the litigant is a prisoner and he or she "has, on 3 or more prior occasions, while incarcerated . . . , brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."

Id. (quoting 28 U.S.C. § 1915(g)). An exception to this rule applies when "the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

"[T]he three strikes rule is not an affirmative defense that must be raised in the pleadings." Harris v. New York, 607 F.3d 18, 23 (2d Cir. 2010). Therefore, "a district court can invoke § 1915(g) to dismiss a prisoner lawsuit even if the three strikes rule has not been raised by the defendant in the pleadings." Id.; see also Witzke v. Hiller, 966 F. Supp. 538, 539 (E.D. Mich. 1997) (dismissing the prisoner's complaint sua sponte under 28 U.S.C. § 1915(g)).

At least three of Stanley's previous complaints have been summarily dismissed for failure to state a claim. See Stanley v. Collins, No. 04-71098 (E.D. Mich. 2004); Stanley v. Hand, 07-13114 (E.D. Mich. 2009); Stanley v. Liebson, 09-12202 (E.D. Mich. 2012). Furthermore, Stanley has not demonstrated that he was under imminent danger

of serious physical injury when he filed this action. Accordingly, he may not proceed in forma pauperis and his complaint is therefore subject to dismissal on this ground.

B.

Moreover, in another prior case, in which Stanley appears to have sought the same relief as in this case, another judge in this district ruled:

> IT IS FURTHER ORDERED that any future filings by Stanley shall be made pursuant to a court order seeking leave to file and shall be accompanied by a copy of the present order. The Clerk's Office is directed to reject any filing by Stanley which does not comply with these instructions. The district court will review Stanley's filings and shall certify whether or not the filing has been made in good faith. If the district court determines that the filing is not made in good faith, the Clerk's Office is directed to return the material to Stanley unfiled.

Stanley v. U.S. Dept. of Justice, 15-12259 (E.D. Mich. Apr. 21, 2017) (Opinion and Order Denying Plaintiff's Motion for Reconsideration and Motion to Consolidate) (Doc. 34).

As noted above, the Clerk's office docketed Stanley's filing as a miscellaneous action which apparently resulted in a bypass of the Court's order regarding future filings. Be that as it may, it is clear that Stanley did not comply with the order in Case No. 15-12259. Having reviewed Stanley's filing, his "motion" is not brought in good faith and is part of what other judge in this district has called a futile request "to seek relief where none exists." Stanley v. Liebsen, No. 09-12202 (E.D. Mich. May 4, 2011) (Order Denying Motion for Leave). As such, the complaint is subject to dismissal on this ground.

III.

For the reasons set forth above, leave to proceed in forma pauperis is denied. The case is DISMISSED under 28 U.S.C. § 1915(g) and for failure to comply with the

order in Case No. 15-12259.

The Court also certifies that an appeal from this order could not be taken in good faith, 28 U.S.C. § 1915(a)(3), or without prepayment of the appellate filing fee, 28 U.S.C. § 1915(g).

SO ORDERED.

                                          S/Avern Cohn
                                          AVERN COHN
                                          UNITED STATES DISTRICT JUDGE

Dated: 7/25/2019
      Detroit, Michigan